## AFFIDAVIT OF TIMOTHY MURPHY

**I, Timothy Murphy, being duly sworn, hereby depose and state as follows:**

1. I am an Sergeant in the Norwalk Police Department and have been in law enforcement for 23 years.

2. I submit this affidavit to respond to certain allegations in the recent submission of Michael Moriarty (the defendant). The following, in no particular order, addresses allegations raised.

3. As the defendant notes in his submission, he was, among others, under investigation for the murder of a woman on August 2, 1994 in Norwalk. I was involved in the investigation and interviewed a number of persons regarding it. The circumstantial evidence suggested the defendant's involvement in the crime, although the most compelling evidence was an admission made by the defendant to his wife at the time indicating that he and others may have shot and possibly killed somebody. I have attached a copy of the affidavit, which outlines the evidence adduced and the defendant's admission to his wife.

4. While the defendant seeks to harken back to that affidavit and criticize evidence presented, suffice it to say that the prosecutor was fully versed with the background facts, the witnesses, and the circumstantial evidence, including the witnesses' criminal history, and signed the relevant information and arrest warrant application. The prosecutor also subsequently prepared any witness to testify at the probable cause hearing and made judgments as to the weight and significance of the evidence.

5. The defendant suggests I was overzealous in seeking to charge him. Yet, as the defendant oddly notes in his papers, I plainly included exculpatory information in the relevant affidavit, such as physical description of the culpable party provided by witnesses that may have differed from the description of the defendant as well as discrepancies in the relevant vehicle used in the crime and a range of other items.

6. The arrest warrant was signed by the state court, and the defendant was arrested. It was my understanding that the warrant was ultimately dismissed primarily after the court concluded that the admission by the defendant would not ultimately be admissible because of the husband-wife privilege.

7. As to the defendant's suggestion that I was consumed by some longstanding desire to convict him, it should also be noted that the murder investigation was a cold case file by 1998. I only continued with the case when instructed to reinvestigate the case for possible leads. I interviewed the defendant in August 1998. However, after this interview until July 1999 the case was dormant. In July 1999, I was contacted out of the blue with a request from the defendant to speak with him, as he was presently incarcerated. Perhaps the defendant believed we were still actively investigating the matter and wanted to try to control or redirect the investigation, perhaps he had a crisis of conscience, or perhaps he simply wanted to get back at others who had wronged him, including a corrupt Norwalk police officer, but it was the defendant who provided us with the additional leads that ultimately lead to his arrest.

The foregoing is true and correct to the best of my knowledge and belief.

_____
Timothy Murphy

Sworn to and subscribed
before me on this the 27th day
of September, 2005

_Jane Vallero_
Notary Public
My Commission Expires 11-30-2008